UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

KEITH G. SMITH,

Petitioner,

v.

ROBERT LeGRAND, *et al.*,

Respondents.

Case No. 3:14-cv-00029-MMD-VPC

ORDER

**I.    SUMMARY**

Before the Court is the amended petition for writ of habeas corpus. (ECF No. 15.) Respondents move to dismiss ("Motion"). (ECF No. 29.) The Court has reviewed petitioner's opposition (ECF No. 44) and respondents' reply (ECF No. 49). The Court grants the Motion in part because some grounds are not timely and some grounds are not exhausted.

**II.   DISCUSSION**

    **A.    Timeliness**

Respondents argue that parts of Ground 6 of the amended petition are untimely. Petitioner filed his initial, proper-person petition on time. He filed his counseled amended petition after expiration of the one-year period of limitation of 28 U.S.C. § 2244(d). The grounds of the amended petition are timely if they relate back to the initial petition. Under Rule 15(c), a claim in an amended petition relates back to a claim in a timely-filed petition if the claim in the amended petition "arose out of the conduct, transaction, or occurrence

set out" in the previous petition. Fed. R. Civ. P. 15(c)(1)(B). As the Supreme Court explained in *Mayle v. Felix*, 545 U.S. 644 (2005), Rule 15(c) permits relation back only when new claims "arise from the same core facts as the timely filed claims, and not when the new claims depend upon events separate in both time and type from the originally raised episodes." *Mayle*, 545 U.S. at 657 (internal quotation marks omitted). The question, then, is whether Ground 6 of Irive's amended petition shares "a common core of operative facts" with a timely-filed claim in his original petition.

### 1. Ground 6(a)

Ground 6(a) is a claim that trial counsel provided ineffective assistance because trial counsel failed to make the recordings of petitioner's statements to police, and the transcripts of those recordings, part of the record on appeal. Petitioner argues that ground 6(a) relates back to grounds 2 and 6 of the original petition. The Court disagrees. Ground 2 of the original petition is a claim that *appellate* counsel failed to make the recordings and the transcripts part of the record. (ECF No. 1-1 at 35-37.)[1] This ground differs with Ground 6(a) in the key operative fact of which counsel failed to act. Ground 6 of the original petition is a claim that the trial court erred in refusing to play the recordings for the jury. This ground differs with Ground 6(a) in the key operative facts of what the error was, who committed the error, and when the error occurred. Ground 6(a) does not relate back to the initial petition. *See Schneider v. McDaniel*, 674 F.3d 1144, 1150-1152 (9th Cir. 2012).

### 2. Ground 6(b)

Ground 6(b) is a claim that trial counsel [1] failed to have petitioner testify in his own defense, [2] failed to consult with petitioner regarding his right to testify, and [3] failed to secure a waiver of that right. Petitioner did not break Ground 6(b) into three separate parts. Respondents have done that, with the numbers that the Court has placed in

---

[1]The initial, proper-person petition actually is filed at ECF No. 4. However, the ECF docket numbers and page numbers of that document are unreadable. The court refers to the copy of the petition that petitioner submitted with his application to proceed *in forma pauperis*, which is at ECF No. 1.

brackets, and petitioner has objected to respondents re-writing his petition. Respondents then argue that the claim that trial counsel failed to consult with petitioner about his right to testify does not relate back to any claim in the initial petition. The Court disagrees. Ground 15 of the initial petition is a claim that trial counsel failed to have petitioner testify. (ECF No. 1-2 at 33-37.) It is true that petitioner does not allege in that ground that counsel failed to consult with petitioner about his right to testify, but the Court does not see that as an operative fact. Consultation, or the lack of consultation, is inherent in any ineffective-assistance claim regarding a person's right to testify. Ground 6(b) relates back to the initial petition.

### 3. Ground 6(d)

Ground 6(c) is a claim that trial counsel failed to seek testing of a blood sample of the victim. Respondents argue that although petitioner did raise in the initial petition a claim that trial counsel failed to seek testing of the blood sample, the reasons why petitioner suffered prejudice have changed. In ground 18 of the initial petition, petitioner argues, "If the alleged victim was more than double the legal limit to drive a car based upon her blood alcohol content combined with her abuse of methamphetamine, the jury would have recognized her impaired perceptions." (ECF No. 1-3 at 11.) In Ground 6(c) of the amended petition, petitioner argues, "Methamphetamine is a stimulant, and would have counteracted the effects of alcohol." (ECF No. 15 at 30.) The operative facts in both grounds are the same—counsel failed to seek testing of the blood sample of the victim. Relation back is proper even if the consequences argued from those facts are different. *See Felix*, 545 U.S. at 664 n.7. Ground 6(c) relates back to the initial petition.

### 4. Ground 6(d)

Ground 6(d) is a claim that counsel failed to obtain the victim's criminal record. In ground 1 of the initial petition, petitioner alleged:

> It was also determined, and never investigated, that the victim had a criminal history for drug convictions, and more importantly perjury. These facts were never investigated by Mr. Avants [trial counsel].

(ECF No. 1-1 at 34.) Ground 6(d) might be more specific than what petitioner alleged in the initial petition, but it still shares the common operative fact that trial counsel did not investigate the victim's criminal history. Ground 6(d) relates back to the initial petition.

### B. Failure to State a Claim

Respondents argue that petitioner has failed to cite Supreme Court precedent in the amended petition. The Court has rejected this argument once and sees no need to revisit it. (*See* ECF No. 28.)

### C. Lack of Cognizable Claim in Ground 8

Respondents argue that Ground 8, a claim of cumulative error, is not addressable in federal habeas corpus because the Supreme Court of the United States has not clearly established that such a claim exists. Respondents are wrong. The court of appeals has held that the Supreme Court has clearly established that a cumulative-error claim exists, and this Court is bound by that holding. *Parle v. Runnels*, 505 F.3d 922, 929 (9th Cir. 2007).

### D. Exhaustion

Respondents argue that petitioner has not exhausted some of his grounds for relief. Before a federal court may consider a petition for a writ of habeas corpus, the petitioner must exhaust the remedies available in state court. 28 U.S.C. § 2254(b). To exhaust a ground for relief, a petitioner must fairly present that ground to the state's highest court, describing the operative facts and legal theory, and give that court the opportunity to address and resolve the ground. *See Duncan v. Henry*, 513 U.S. 364, 365 (1995) (*per curiam*); *Anderson v. Harless*, 459 U.S. 4, 6 (1982).

"[A] petitioner for habeas corpus relief under 28 U.S.C. § 2254 exhausts available state remedies only if he characterized the claims he raised in state proceedings *specifically* as federal claims. In short, the petitioner must have either referenced specific provisions of the federal constitution or statutes or cited to federal case law." *Lyons v. Crawford*, 232 F.3d 666, 670 (9th Cir. 2000) (emphasis in original), *amended*, 247 F.3d 904 (9th Cir. 2001). Citation to state case law that applies federal constitutional principles

will also suffice. *Peterson v. Lampert,* 319 F.3d 1153, 1158 (9th Cir. 2003) (*en banc*). "The mere similarity between a claim of state and federal error is insufficient to establish exhaustion. Moreover, general appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion." *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999) (citations omitted).

### 1. Ground 4

Ground 4 is a claim that the prosecution committed misconduct because it did not test a blood sample of the victim for methamphetamine and then it argued facts not in evidence to explain away the possible presence of methamphetamine in the victim's urine sample. Petitioner did cite provisions of the Constitution in the corresponding claim in state court. (*See* Exh. 29 at 32-34 (ECF No. 16-29 at 43-45).) Respondents argue that the claim is not exhausted because petitioner merely attached federal constitutional citations to what otherwise is a claim of a violation of state law. What respondents describe is a claim that might lack merit in this Court because no violation of the Constitution could have occurred. *See* 28 U.S.C. § 2254(a). However, it does not mean that petitioner failed to exhaust the claim in state court. Petitioner did all that the law required to exhaust Ground 4 in the state courts.

### 2. Ground 6(a)

Ground 6(a) is a claim that trial counsel failed to make the recordings of petitioner's statements to the police, and the transcripts of those recordings, part of the record for appeal. The Court already has determined that Ground 6(a) does not relate back to the timely filed initial petition. In the alternative, the Court agrees with respondents that petitioner never presented this claim to the Nevada Supreme Court. The Court is not persuaded that petitioner exhausted this ground by claims in state court that trial counsel failed to request an independent review of the recordings and that appellate counsel failed to make the recordings and transcripts part of the record on appeal. Petitioner is trying to merge together two claims that have distinct facts into one claim that the Nevada Supreme Court never had the opportunity to address. Ground 6(a) is unexhausted.

### 3. Ground 6(b)

Ground 6(b) contains an allegation that trial counsel failed to consult with petitioner about his right to testify and an allegation that trial counsel failed to secure a waiver of petitioner's right to testify. Petitioner did not allege these facts in his state-court post-conviction proceedings. However, these additional facts do not fundamentally alter the claim that the Nevada Supreme Court considered. *See Vasquez v. Hillery*, 474 U.S. 254, 260 (1986). Ground 6(b) is exhausted.

### 4. Ground 6(e)

Ground 6(e) is a claim that trial counsel failed to object to three statements by the prosecutor during rebuttal argument. The propriety of the statements themselves is the issue of Ground 3. The second statement is:

> Mr. Avants [defense counsel] talked a little bit about the defendant being consistent in what he said to Detective Hendrix. Was he in the same courtroom we were?

(ECF No. 15 at 23 (citing Exh. 20 at 178).) Petitioner did argue on direct appeal that the statement was improper. (Exh. 29 at 39-41 (ECF No. 16-29, at 50-52).) However, in the state post-conviction proceedings petitioner never argued that trial counsel failed to object to that particular statement. Petitioner did argue in the post-conviction proceedings that trial counsel failed to object to other statements, but each statement is the basis of its own, fundamentally distinct claim. (*See* Exh. 48 at 23-25 (ECF No. 17-17 at 31-33).) Ground 6(e) is not exhausted with respect to the statement quoted above.

### 5. Ground 6(f)

Ground 6(f)[2] is a claim that counsel failed to object to the introduction of evidence that petitioner possessed sex toys. Petitioner raised this as issue V on the appeal from the second denial of his state post-conviction habeas corpus petition. (*See* Exh. 67 at 20-23 (ECF No. 17-36 at 26-29).) Ground 6(f) is exhausted.

///

---

[2] Respondents refer to this as Ground 9.

### 6. Ground 7

Ground 7 is a claim that appellate counsel failed to make the recordings and transcripts of petitioner's statements to police part of the record on appeal. Petitioner also alleges that counsel failed to present all the factual and legal arguments currently contained in Ground 1 to the Nevada Supreme Court on direct appeal, but he does not specify which arguments were not presented. The closest that petitioner came to presenting this claim to the Nevada Supreme Court was, in full:

> 2. Appellate counsel was ineffective on direct appeal for failing to raise viable critical issues on direct appeal, in violation of Petitioner's constitutional rights under the fifth, sixth, and fourteenth amendments of the U.S.C.A., to due process, effective assistance of counsel, and equal protection of the law.

(Exh. 67 at 23 (ECF No. 17-36 at 29).) This was part of an attempt by post-conviction appellate counsel to present claims that petitioner raised in his proper-person post-conviction habeas corpus petition. The Nevada Supreme Court rejected the attempt:

> Sixth, appellant argues that the district court erred in denying additional claims raised in the proper person petition. Appellant fails to provide any cogent argument as to how or why the district court erred in denying these claims and merely refers to the proper person petition without discussing any of the issues raised therein. "It is appellant's responsibility to present relevant authority and cogent argument; issues not so presented need not be addressed by this court." *Maresca v. State,* 103 Nev. 669, 673, 743 P.2d 3, 6 (1987). Moreover, appellant may not incorporate by reference arguments made in documents filed before the district court. *See* NRAP 28(e)(2). Thus, we do not address these claims.

(Exh. 70 at 5-6 (ECF No. 17-39 at 6-7).)

Ground 7 is not exhausted for two reasons. First, petitioner presented no facts to the Nevada Supreme Court, and thus the facts that he alleges in Ground 7 fundamentally alter the claim. Second, petitioner used an incorrect method to try to present his claims of ineffective assistance of appellate counsel to the Nevada Supreme Court. "Submitting a new claim to the state's highest court in a procedural context in which its merits will not be considered absent special circumstances does not constitute fair presentation." *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994) (citing *Castille v. Peoples,* 489 U.S. 346, 351 (1989)).

Respondents also argue that Ground 7 is not exhausted to the extent that it incorporates the claims in Grounds 2 through 5 as issues that appellate counsel should have raised on direct appeal. (ECF No. 29 at 18.) Petitioner made such a statement in his opposition to the motion for a more definite statement. (ECF No. 25 at 7.) To the extent that Ground 7 is a claim that appellate counsel should have raised on direct appeal the issues currently contained in Grounds 2 through 5, Ground 7 is not exhausted for the reasons in the preceding paragraph. Moreover, nothing in the body of Ground 7 itself indicates that it tries to incorporate Grounds 2 through 5. The text of Ground 7 is based solely upon the trial court's refusal to play the recordings of petitioner's statements and the lack of those recordings and transcripts in the record on appeal. Petitioner cannot expand the scope of Ground 7 through an opposition to a motion.

**7.    Ground 8**

Ground 8 is a claim of cumulative error. On direct appeal, petitioner presented a claim of cumulative error based upon the prosecution's improper statements and the trial court's refusal to play the recordings of petitioner's statements. (Exh. 29 at 41-44 (ECF No. 16-29 at 50-55).) In the appeal from the first denial of his post-conviction petition, petitioner presented a claim of cumulative error based upon his claims of ineffective assistance of counsel and claim that the court failed to ensure that petitioner waived his right to testify. (Exh. 48 at 37-38 (ECF No. 17-17 at 45-46).) In the appeal from the second denial of his post-conviction petition, petitioner presented a claim of cumulative error based upon his claims of ineffective assistance of counsel. (Exh. 67 at 24 (ECF No. 17-36 at 30).) However, the Nevada Supreme Court never has had a single opportunity to consider the cumulative effect of all the errors that petitioner now alleges. Of course, this includes the individual claims that petitioner never did present to the Nevada Supreme Court. For example, a cumulative-error claim that included (1) the trial court's refusal to play the recordings of petitioner's statements, petitioner's lack of testimony because (2) counsel failed to ensure that he would testify and (3) the trial court failed to determine whether petitioner had waived his right to testify, and the failure of (4) trial counsel and

1 (5) appellate counsel to put the recordings and transcripts of petitioner's statements into the record might be a worthwhile claim. However, the Nevada Supreme Court had the opportunity to consider issues 1 through 3 only in separate proceedings and issues 4 and 5 not at all. Under these circumstances, Ground 8 is not exhausted. The Court also will not consider Ground 8 as separate claims of cumulative error that mirror what the Nevada Supreme Court considered; it would amount to the Court re-writing the petition.

### E. Failure to Develop Factual Grounds

Finally, respondents argue that petitioner failed to develop the factual bases of Grounds 1, 6(a), 7, and 8 in the state courts. This is an argument better directed toward the merits of these grounds in light of the deference that this Court must give to state-court determinations.

## III. CONCLUSION

The amended petition (ECF No. 15) is mixed, containing both claims exhausted in state court and claims not exhausted in state court, and it is subject to dismissal. *See Rose v. Lundy*, 455 U.S. 509, 521-22 (1982); *Szeto v. Rushen*, 709 F.2d 1340, 1341 (9th Cir. 1983).

It is therefore ordered that respondents' motion to dismiss (ECF No. 15) is granted in part. Ground 6(a) is dismissed as untimely. Ground 7, ground 8, and the part of Ground 6(e) described above are unexhausted.

It is further ordered that petitioner will have thirty (30) days from the date of entry of this order to file a motion for dismissal without prejudice of the entire petition, for partial dismissal of Ground 7, Ground 8, and the part of Ground 6(e) described above, or for other appropriate relief. Within ten (10) days of filing such motion, petitioner must file a signed declaration under penalty of perjury pursuant to 28 U.S.C. § 1746 that he has conferred with his counsel in this matter regarding his options, that he has read the

///
///
///

motion, and that he has authorized that the relief sought therein be requested. Failure to comply with this order will result in the dismissal of this action.

DATED THIS 7th day of August 2017.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE